**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4282**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellant,

        versus

STEVEN TODD ASHWORTH,

                              Defendant - Appellee.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  David A. Faber, Chief
District Judge.  (CR-03-278)

---

Submitted:  June 30, 2005          Decided:  July 19, 2005

---

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Stephen M. Horn, Acting United States Attorney, R. Gregory McVey,
Assistant United States Attorney, Huntington, West Virginia, for
Appellant.  Donald L. Stennett, BREWSTER, MORHOUS, CAMERON, CARUTH
MOORE, KERSEY & STAFFORD, P.L.L.C., Charleston, West Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Steven Todd Ashworth was convicted by a jury of distribution of a quantity of methamphetamine in violation of 21 U.S.C. § 841(a) (2000), and 18 U.S.C. § 2 (2000) (Count Two of a two-count indictment), but acquitted of conspiring with several others to manufacture and distribute methamphetamine (Count One). The district court sentenced Ashworth to sixteen months imprisonment. The government has appealed the sentence, contending that the district court erred when it determined that it was barred from considering acquitted conduct to calculate the guideline range by United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). We agree that the court erred in this respect; accordingly, we vacate the sentence and remand for resentencing.

Based on the evidence produced at trial, the probation officer recommended that Ashworth was responsible for 567 grams of methamphetamine. The probation officer recommended a base offense level of 32 (500 grams to 1.5 kilograms of methamphetamine), U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2004), with a two-level increase for possession of a firearm, USSG § 2D1.1(b)(1). Ashworth was in criminal history category I, which gave him a guideline range of 151-188 months.

Ashworth objected to the entire guideline calculation based on the Supreme Court's decision in Booker. At the sentencing

- 2 -

hearing on January 31, 2005, Ashworth's lawyer argued that, under Booker, the district court should not consider as relevant conduct for sentencing purposes "the conduct for which [Ashworth] was acquitted," that is, the conspiracy. The district court determined that, under Booker and Fanfan* and this court's decision in Hughes, it was constrained to calculate the guideline range based only on the one count of methamphetamine distribution of which Ashworth had been convicted and to disregard all other conduct that was part of the conspiracy. The court's determination reduced the offense level from 34 to 12. Because Ashworth was in criminal history category I, the guideline range decreased from 151-188 to 10-16 months. The court imposed a sentence of sixteen months imprisonment.

On appeal, the government argues that Booker does not preclude the sentencing court from considering acquitted conduct in determining the guideline range. In Booker, the Supreme Court held that its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines and that the mandatory guidelines scheme which provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and

---

*United States v. Fanfan, 125 S. Ct. 738 (2005).

appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. To impose a sentence consistent with Booker, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Hughes, 401 F.3d at 546 (emphasis added). The court must consider the guideline range along with the other relevant factors in the guidelines and those set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id.

Under the pre-Booker guidelines, the district court was entitled to consider acquitted conduct as relevant conduct. United States v. Watts, 519 U.S. 148, 157 (1997). After Booker, applying the guidelines as advisory, the district court may continue to consider acquitted conduct in determining the guideline range "as long as [the court's consideration of acquitted conduct] does not

support any mandatory calculation," or "violate any of the judge's obligations to consider relevant factors." United States v. Williams, 399 F.3d 450, 454 (2d Cir. 2005); see also United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005) ("Booker does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict. . . . [and instead] suggests that the sentencing judges can consider relevant acquitted conduct when applying the Guidelines in an advisory manner, '[f]or when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.' Booker, 125 S. Ct. at 750.").

Here, because the jury acquitted Ashworth on the conspiracy count, the district court mistakenly believed that it was required to exclude the evidence of Ashworth's participation in the conspiracy from its calculation of the offense level. The district court must consider the correct guideline range before imposing sentence under the post-Booker sentencing scheme. Hughes, 401 F.3d at 546, 556.

We therefore vacate the sentence and remand for resentencing. On remand, the district court should determine by a preponderance of the evidence whether Ashworth conspired to

manufacture and distribute methamphetamine and, if so, the court should recalculate the base offense level accordingly.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>