

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2006

# USA v. Hayward

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hayward" (2006). *2006 Decisions.* Paper 1225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2451

UNITED STATES OF AMERICA

v.

SCOTT HAYWARD,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Judge: The Honorable Alan N. Bloch
District Court No.: 02-CR-63

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 27, 2006

Before: RENDELL, SMITH, and BECKER, *Circuit Judges*

(Filed: April 25, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Scott Hayward was convicted by a jury of one count of traveling with the intent to

engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(a). He was

acquitted of a second count which charged him with violating 18 U.S.C. § 2421 by

transporting an individual in interstate commerce with the intent to engage in sexual

activity. At re-sentencing post-*Booker*,[1] the District Court considered the conduct underlying both counts and sentenced Hayward to 78 months, the top of the applicable guideline range. Hayward appealed, arguing that the District Court erred by considering the conduct of which he was acquitted.[2] For the reasons set forth below, we will affirm.

The government contends that the District Court did not err because the Supreme Court determined in *United States v. Watts*, 519 U.S. 148 (1997), that a "sentencing court may consider conduct of which a defendant has been acquitted." *Id.* at 154. In the government's view, *Watts* remains good law after *Booker*. Several of our sister courts of appeals agree with this view. *See United States v. Vaughn*, 430 F.3d 518, 526-27 (2nd Cir. 2005); *United States v. Price*, 418 F.3d 771, 787-88 (7th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005). We find no reason to follow a different path.

The Supreme Court explained in *Watts* that it was permissible to consider at sentencing the conduct of which a defendant was acquitted. It relied upon § 3661 of the Federal Crimes Code which "codifie[d] the longstanding principle that sentencing courts have broad discretion to consider various kinds of information." *Watts*, 519 U.S. at 151.

---

[1]*See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) (declaring that United States Sentencing Guidelines are only advisory).

[2]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 18 U.S.C. § 3742(a). *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006). We exercise plenary review over questions of law concerning the application of the sentencing guidelines. *United States v. Newsome*, 439 F.3d 181, 183 (3d Cir. 2006).

Section 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. This provision, the *Watts* Court pointed out, was consistent with sentencing guideline § 1B1.4, providing that a sentencing court was not limited in the information it could consider in imposing a sentence, as well as guideline § 1B1.3 which directs sentencing courts to consider all other related conduct. *Watts*, 519 U.S. at 152-53 (citing U.S.S.G. § 1B1.3 and § 1B1.4).

Although the Supreme Court was "convinced that a sentencing court may consider conduct of which a defendant has been acquitted," *id.* at 154, it reiterated that the consideration of acquitted conduct for sentencing did not offend the Double Jeopardy Clause as it had explained in *Witte v. United States*, 515 U.S. 389 (1995). It again instructed that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." *Watts*, 519 U.S. at 154. Thus, a "jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157.

In *Booker*, Justice Stevens's majority opinion declared in a footnote that "none of our prior cases," including *Witte* and *Watts*, were "inconsistent with today's decision."

543 U.S. at __, 125 S.Ct. at 754 n.2. In light of Justice Stevens's observations and the fact that § 3661 was not invalidated by *Booker*, we too conclude that *Watts* remains good law.

Accordingly, we find no error by the District Court in considering the conduct of which Hayward was acquitted. We will affirm the judgment of the District Court.