**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5292**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN TODD ASHWORTH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, District Judge.  (2:03-cr-00278)

———————

Submitted:  August 3, 2007          Decided:  September 6, 2007

———————

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Donald L. Stennett, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Todd Ashworth appeals the sentence of 121 months imprisonment he received after his case was remanded for resentencing. United States v. Ashworth, 139 F. App'x 525, 527 (4th Cir.), cert. denied, 126 S. Ct. 765 (2005). Ashworth was tried for conspiracy to manufacture methamphetamine and distribution of methamphetamine, and acquitted of the conspiracy charge. At the first sentencing, the district court excluded from consideration all evidence of methamphetamine quantities apart from the methamphetamine Ashworth was convicted of distributing, and sentenced him to sixteen months imprisonment.

On remand, the district court calculated the advisory guideline range based on all Ashworth's relevant conduct that included quantities of methamphetamine associated with the conspiracy.[*] In this appeal, Ashworth does not challenge the district court's determination that his involvement in the conspiracy was shown by a preponderance of the evidence. He argues that the district court violated his Fifth and Sixth Amendment rights by considering conduct of which he was acquitted in determining his sentence.

_____

[*]Ashworth did not immediately appeal his sentence. However, in December 2006, the district court granted Ashworth's motion to vacate pursuant to 28 U.S.C. § 2255 (2000), on the ground that he had been denied an appeal. An amended judgment order was entered on December 6, 2006. Ashworth noted a timely appeal from the amended judgment.

We review a sentence for reasonableness. <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). After <u>Booker</u>, the sentencing court must calculate the appropriate advisory guideline range by making any necessary factual findings. <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). The court should then consider the resulting advisory guideline range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine an appropriate sentence. <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). A sentence within a properly calculated advisory guideline range is presumptively reasonable. <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-68 (2007) (upholding presumption).

After <u>Booker</u>, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006). Moreover, long-standing authority has permitted the sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," <u>see</u> USSG § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." <u>United States v. Watts</u>, 519 U.S.

- 3 -

148, 156-57 (1997) (per curiam); United States v. Montgomery, 262 F.3d 233, 249 (4th Cir. 2001).

Ashworth argues that dicta in Booker casts doubt on the continuing validity of Watts. He asserts that the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2005), and Booker seem to indicate that facts that increase the sentence beyond the statutory maximum permissible based solely on admitted facts or the jury's verdict must "satisfy a more stringent proof requirement" than preponderance of the evidence. He acknowledges that the remedial portion of Booker specifically rejected this approach, see Booker, 543 U.S. at 246, but argues that it does not remedy the Sixth Amendment violation in his case because it is "counterintuitive" and "illogical." In Rita, however, the Supreme Court observed that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." 127 S. Ct. at 2465-66.

Ashworth concedes that his position is contrary to our previous unpublished opinion in his own case and case law from other circuits. See United States v. Dorcely, 454 F.3d 366, 371 (D.C. Cir.) ("a sentencing court may base a sentence on acquitted conduct without offending the defendant's Sixth Amendment right to trial by jury"), cert. denied, 127 S. Ct. 691 (2006); United

- 4 -

States v. Vaughn, 430 F.3d 518, 525-27 (2d Cir. 2005), cert. denied, 547 U.S. 1060 (2006); United States v. Price, 418 F.3d 771, 787-88 (7th Cir. 2005); United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir.), cert. denied, 126 S. Ct. 468 (2005); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005). Moreover, the district court was not free to disregard our directions. United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (setting out mandate rule). We discern no error in the sentence imposed by the district court on remand, and conclude that it is reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED