PEOPLE v COMPAGNARI

Docket No. 198678. Submitted September 2, 1998, at Lansing. Decided December 29, 1998, at 9:10 A.M.

Samuel G. Compagnari was convicted by a jury in the Montcalm Circuit Court, James K. Nichols, J., of larceny in a building and of being an accessory after the fact. He was acquitted of a charge of first-degree murder that was prompted by the fact that the defendant's accomplice killed the resident of the building during the course of the larceny. The defendant was sentenced to concurrent sentences of twenty-four to forty-eight months' imprisonment for the larceny conviction and forty to sixty months' imprisonment for the accessory conviction. The defendant appealed, arguing that the court erred in departing from the sentencing guidelines range for his offenses and that his sentences are disproportionate.

The Court of Appeals *held*:

In cases of multiple convictions for a single offender, a sentencing information report must be completed for the conviction that carries the highest statutory maximum sentence. In this case, the highest statutory maximum sentence is for the accessory charge, but there are no guidelines applicable to that offense. Therefore, there are no sentencing guidelines controlling with respect to either offense, and the trial court was not required to prepare a sentencing information report with respect to the larceny conviction. The trial court properly considered evidence that the victim was killed during the course of a serious felony in her home committed by the defendant and his codefendant. The court adequately justified its sentence by incorporating the presentence report in its sentencing justification. The court did not abuse its sentencing discretion.

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES.

The sentencing guidelines do not cover all criminal offenses; offenses not listed in the designated criminal offense list are not covered by the guidelines.

2. SENTENCES — EVIDENCE OF OTHER CRIMES.

A trial court may not make an independent finding of guilt with respect to a crime for which a defendant is acquitted and then sentence the defendant on the basis of that finding; however, a court, in fashioning an appropriate sentence, may consider all the evidence offered at the trial including the effect of the crime on the victim and other criminal activities of the defendant established by the evidence, even though the defendant is acquitted of the charges regarding the other criminal activities.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Larry W. Hachman*, Prosecuting Attorney, and *Carole F. Barnett-Stopper*, Assistant Attorney General, for the people.

*Catherine D. Hoort*, for the defendant on appeal.

Before: MACKENZIE, P.J., and BANDSTRA and MARKMAN, JJ.

PER CURIAM. On September 13, 1996, after a jury trial, defendant was convicted of larceny in a building, MCL 750.360; MSA 28.592, and of being an accessory after the fact, MCL 750.505; MSA 28.773. Defendant was acquitted at the same time of first-degree murder, MCL 750.316; MSA 28.548, which charge was prompted by the fact that an elderly woman was killed by strangulation with a tube from her oxygen tank during the course of the larceny by defendant's accomplice. On October 25, 1996, the trial court sentenced defendant to concurrent sentences of twenty-four to forty-eight months' imprisonment for the larceny conviction and forty to sixty months' imprisonment for the accessory conviction. Defendant now appeals as of right. We affirm.

Defendant's sole argument on appeal is that his sentences are disproportionate, *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and that the trial court erred in failing to state its reasons for departing

above the sentencing guidelines range of zero to six months for larceny and imposing the maximum statutory sentence of five years for the nonguideline offense of accessory after the fact. To the extent that defendant's argument is predicated on the sentencing guidelines, it is without merit. The instructions to the sentencing guidelines specify that, in cases of multiple convictions for a single offender, "the judge must complete the SIR [sentencing information report] for the conviction that carries the highest statutory maximum." Michigan Sentencing Guidelines (2d ed, 1988) at 1; *People v Gonzalez*, 197 Mich App 385, 401; 496 NW2d 312 (1992). The instructions also expressly provide that the guidelines do not cover all criminal offenses and that an offense not listed in the designated criminal offense list is not covered. *Id.*; *People v Douglas (On Remand)*, 191 Mich App 660, 663; 478 NW2d 737 (1991). In this case, the highest statutory maximum is for the accessory charge,[1] but there are no guidelines applicable to that offense. Accordingly, there are no guidelines controlling with respect to either offense and it was unnecessary for the trial court to have prepared an SIR with respect to the larceny conviction.[2]

---

[1] Accessory after the fact is a five-year felony under MCL 750.505; MSA 28.773, while larceny in a building is a four-year felony under MCL 750.360; MSA 28.592.

[2] In *People v Hill*, 221 Mich App 391; 561 NW2d 862 (1997), the defendant was convicted of first-degree home invasion and assault with intent to rob while unarmed and was sentenced to consecutive terms of twelve to twenty years' and eight to fifteen years' imprisonment for the respective convictions. On appeal, the defendant asserted that the trial court erred in not preparing an SIR pursuant to the sentencing guidelines for the assault conviction. This Court found that the trial court wrongly determined that an SIR was unnecessary in this regard because there are no guidelines for the crime of home invasion, which was the offense with the higher maximum statutory penalty.

Defendant's sentences, therefore, are reviewed exclusively for abuse of the trial court's sentencing discretion. *People v Lemons*, 454 Mich 234, 260; 562 NW2d 447 (1997). Although a trial court may not make an independent finding of guilt with respect to a crime for which a defendant has been acquitted, and then sentence the defendant on the basis of that finding, the court in fashioning an appropriate sentence may consider the evidence offered at trial, *People v Gould*, 225 Mich App 79, 89; 570 NW2d 140 (1997), including other criminal activities established even though the defendant was acquitted of the charges, *People v Coulter (After Remand)*, 205 Mich App 453, 456-457; 517 NW2d 827 (1994), and the effect of the crime on the victim. *People v Girardin*, 165 Mich App 264, 266; 418 NW2d 453 (1987). Among other things, the evidence at trial here suggested that defendant had concurred, or at the very least acquiesced, in the judgment of his accomplice that the victim should be killed because she had seen the accomplice's face. The trial court properly, in our judgment, considered evidence that a victim had been killed during the course of a serious felony in her home committed by defendant and a codefendant. Further, by incorporating the presentence report in its sentencing justification, the court adequately justified its

---

This Court also found that the multiple conviction instruction of the sentencing guidelines requiring completion of a sentencing information report only with respect to the crime carrying the highest statutory maximum penalty implicitly assumes that multiple sentences will be served concurrently. However, because the defendant's sentences in *Hill* were ordered to be served consecutively, and therefore the minimum sentence imposed for each crime had a direct effect on the total length of the defendant's actual sentence, the Court concluded that an SIR for the defendant's assault conviction must be prepared. Unlike *Hill*, however, the instant case involves concurrent sentences.

sentences. There was no abuse of discretion on its part in sentencing defendant.

Affirmed.