# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 29, 2010

139521

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant,

v

TERANCE CHARLES HICKS,
       Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139521
COA: 284462
Wayne CC: 05-007825-FC

On order of the Court, the application for leave to appeal the June 25, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE only that part of the judgment of the Court of Appeals that remands this case to a different judge because we are not persuaded that the standards set forth in *People v Hill*, 221 Mich App 391, 398 (1997), require reassigning the case to a different judge. We do not disturb the Court of Appeals ruling that resentencing is required. Accordingly, we REMAND this case to the Wayne Circuit Court so that the resentencing ordered by the Court of Appeals can occur before the same judge. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

The Court of Appeals majority opinion, which was unpublished, persuasively explained its rationale for vacating and remanding this matter for resentencing. The Court said:

> [T]he trial court had a substantial and compelling reason to depart from the guidelines.
>
> Nonetheless, a minimum sentence must be proportionate, and, "[w]hen fashioning a proportionate minimum sentence that exceeds the guidelines recommendation, a trial court must justify why it chose the particular degree of departure." *Smith*, *supra* at 318. Here, the trial court offered no explanation for the extent of the departure independent of the

reason it provided for exceeding the recommended minimum sentence range. The trial court's departure was a substantial departure. The imposed 10-year minimum sentence, which was the maximum-minimum sentence allowed under the two-thirds rule, see *People v Harper*, 479 Mich 599, 617; 739 NW2d 523 (2007), was more than three times longer than the recommended minimum sentence range of 19 to 38 months. In fact, a 10-year minimum sentence for any defendant convicted of a class C crime would constitute a departure from the recommended minimum sentence range. See MCL 777.64. The maximum-minimum sentence range provided by the guidelines for a defendant convicted of a class C crime is 114 months, and such a sentence may be given to a defendant whose PRV and OV scores correspond to the E-VI, F-V, or F-VI levels of the class C crime grid. *Id.* Thus, defendant received a sentence that would constitute a departure from the recommended minimum sentence range that the Legislature reserved for the most egregious class C offenses and the more recidivist criminals. See *Babcock*, *supra* at 263. The trial court departed from the recommended sentence range because the guidelines failed to take into account defendant's exploitation of his daughter's vulnerabilities, a factor that generally adds 10 points to a defendant's OV score. MCL 777.40(1)(b). If an additional ten points are added to defendant's OV score, his OV score is within the 75 points contemplated by the Legislature. MCL 777.64. Because defendant's OV score is not uncontemplated and because defendant had no criminal background, we cannot discern why the trial court believed that a minimum sentence that exceeded the highest maximum-minimum sentence for a class C crime was proportionate. [*People v Hicks*, unpublished opinion per curiam of the Court of Appeals, issued June 25, 2009 (Docket No. 284462) footnotes omitted.]

WEAVER, J. (*concurring in part and dissenting in part*).

I dissent from the order's requiring any resentencing at all for the reasons set forth in Justice CORRIGAN'S statement. In light of the fact that the order does remand this case for that purpose, I agree that the resentencing should not be done by a different judge.

CORRIGAN, J. (*concurring in part and dissenting in part*).

I concur in the Court's order insofar as it concludes that the Court of Appeals erred in requiring a different judge to preside over sentencing on remand. But I would peremptorily reverse the entirety of the Court of Appeals opinion for the reasons stated by the Court of Appeals dissent and affirm the circuit court's sentence.

Defendant was charged with several counts of first and second degree criminal sexual conduct (CSC) based on allegations that he sexually abused his daughter—who was 13 years old at the time of trial—over a period of several years beginning when she was seven. A jury found him guilty of one count of second degree CSC. The statutory sentencing guidelines called for a minimum sentence of 29 to 57 months. The sentencing judge exceeded the guidelines, imposing the maximum sentence of 10 to 15 years in prison.

Defendant appealed and the Court of Appeals affirmed the conviction but remanded for resentencing. The court approved the sentencing judge's conclusion that offense variable (OV) 10 (exploitation of a vulnerable victim), MCL 777.40, inadequately accounted for the victim's vulnerabilities; the inadequacy of OV 10 was a proper basis for departing above the statutory minimum guidelines.[1] But the court concluded that the sentencing judge's other reasons for departing were not "substantial and compelling," as required by MCL 769.34(3). The Court thus remanded for resentencing "because it is unclear whether the trial court would have departed to the same extent on the basis of the inadequate weight given to OV 10 alone." *People v Hicks,* unpublished opinion per curiam of the Court of Appeals, issued March 15, 2007 (Docket No. 266510) (*Hicks I*, at 5).

On remand, the sentencing judge departed upward and again imposed a 10- to 15-year prison sentence. Defendant appealed and the Court of Appeals majority remanded for resentencing before a different judge. *People v Hicks (After Remand),* unpublished opinion per curiam of the Court of Appeals, issued June 25, 2009 (Docket No. 284462) (*Hicks II*). The *Hicks II* majority concluded that resentencing was required because the sentencing judge still did not state sufficient substantial and compelling reasons to depart from the statutory guidelines range. The majority acknowledged that, in *Hicks I*, the Court of Appeals had affirmed the sentencing judge's conclusion that the score for OV 10 was inadequate and therefore was a proper basis for departure. But the *Hicks II* majority opined that this rationale was inadequate to support the extent of departure, stating:

---

[1] A sentencing court may depart from the guidelines if it finds that an offense variable gives inadequate weight to a particular offense characteristic, MCL 769.34(3)(b). The Court of Appeals affirmed the trial court's conclusion that the maximum 15-point score under OV 10 for predatory conduct, MCL 777.40(1)(a), was inadequate where defendant *also* exploited his daughter's vulnerabilities and this latter conduct would independently justify 10 points under MCL 777.40(1)(b) (allowing a 10-point score for exploiting a victim's youth, a domestic relationship, or the offender's authority status). Only one score for OV 10 is permitted, so the trial court permissibly concluded that 15 points was inadequate to cover both predatory conduct under subsection (1)(a) and defendant's exploitation under subsection (1)(b).

"[W]e cannot discern why the trial court believed that a minimum sentence that exceeded the highest maximum-minimum sentence for a class C crime was proportionate."[2]

Most significantly, the *Hicks II* majority conceded that the sentencing judge was "free to consider other CSC charges of which the defendant has been acquitted" in departing, *id.* at 3 n 2, citing *People v Compagnari,* 233 Mich App 233, 236 (1998) ("[T]he court in fashioning an appropriate sentence may consider the evidence offered at trial, including other criminal activities established even though the defendant was acquitted of the charges, and the effect of the crime on the victim.") (citations omitted). Yet the *Hicks II* majority inexplicably concluded that the judge "did not identify defendant's acquittal on other CSC charges as a basis for departure." *Hicks II*, *supra* at 3 n 2.

To the contrary, the sentencing judge exhaustively discussed defendant's numerous acts of sexual abuse against his daughter from the time she was seven and referred to the abusive atmosphere to which he subjected both his daughter and his young son for a period of years. The judge clearly rejected defendant's express argument that she could not rely, for sentencing purposes, on charges of which he was acquitted by the jury.[3] The judge acknowledged that the jury "found [defendant] not guilty of other counts," but she clearly expressed her conclusion that there was sufficient evidence of these acts for purposes of sentencing, noting that the "record speaks for itself" and shows that defendant "violated this young girl for years."[4]

---

[2] *Id.* at 3. The Court of Appeals in *Hicks II* also determined that the trial court erred in scoring 50 points for OV 11, MCL 777.41(1)(a), for two or more sexual penetrations because additional sexual penetrations did not arise out of the sentencing offense. Rather, the trial court should have scored zero points for OV 11, but could have accounted for the additional penetrations with a 25-point score under OV 13, MCL 777.43(1)(c), for a "pattern of felonious criminal activity involving 3 or more crimes against a person." The correct scores would have reduced the minimum guidelines range to 19 to 36 months. But the *Hicks II* majority opined, and I agree, that the trial court clearly conveyed that it would have imposed the same departure sentence even under the corrected guidelines. Under these circumstances, the scoring issue is moot and we review only to determine whether the trial court adequately supported the upward departure. See *People v Mutchie,* 468 Mich 50, 51-52 (2003).

[3] As the Court of Appeals correctly recognized, for sentencing purposes a judge may rely on relevant facts found by the trial judge by a preponderance of the evidence. See *People v Drohan,* 475 Mich 140, 142-143 (2006).

[4] Indeed, because the "record sp[oke] for itself," the judge suggested that the jury may have been confused about the nature of the acquitted charges due to how the prosecutor worded those charges. The judge respectfully urged prosecutors, when charging multiple counts, to "be careful how they word these charges because it confuses the jury."

In departing from the guidelines, the court specifically observed:

> [The complainant] had been molested by the Defendant who is her father since she was seven years old at various locations in Detroit.

> She stated on the first occasion she woke up with him rubbing his penis against her face. She state[d] that the Defendant apologized and promised not to do it anymore. She also stated the Defendant would gradually over time begin to fondle her buttocks and vagina.

> She described another incident where she woke up with the Defendant rubbing her back and moving his hands down to her buttocks and squeezing them. At this point the Defendant rolled over and started to rub her vagina with his fingers.

> . . . She stated further that on [sic] January of this year the Defendant attempted to penetrate her vagina with his penis and finger and that that last assault occurred in March of 2005 when the Defendant performed oral sex on her.

> The complainant and her younger brother had lived back and forth with her father and mother for most of their lives. The complainant told her mother, complained, too, of the assaults after learning her father was moving to an unknown location with her and her brother.

> The complainant feared that the situation would get worse.

The judge also reiterated that the 15-point score for OV 10 was inadequate.[5] Overall, the judge concluded that: "the record speaks for itself and I think this is absolutely an example of where the guidelines are wholly, wholly inadequate." Specifically, she found inadequate the guidelines of "twenty-nine months to fifty-seven months for somebody who has over the course of a number of years sexually assaulted his own daughter at the age of seven."

---

[5] In addition to the inadequacy of OV 10 with regard to the young victim, the prosecutor argued that the guidelines—in particular OV 10 and OV 4 (psychological injury to a victim), MCL 777.34—did not account for the fact that the victim's "younger brother testified . . . that some of the sexual assaults took place in the very same bed in which the young boy was also sleeping. He and his sister would share a bed, share a bedroom and sometimes the Defendant would come in and sexually assault the girl in the presence of the boy." The court later agreed: "I also heard it from the young son, the young boy, who said—and the prosecutor is absolutely right about this, that there were times when you [defendant] would assault sexually his sister while he was in the same bed."

Accordingly, the *Hicks II* majority clearly erred when it concluded that the sentencing judge did not identify defendant's other charged acts of abuse as a basis for departure; indeed, these acts were the *primary* basis for departure. The majority also erred by ordering, on the basis of its misreading of the sentencing transcript, that defendant must be resentenced before a different judge because "the trial judge will have substantial difficulty in putting aside her previously expressed views." Rather, the trial judge offered a cogent analysis of why the guidelines were inadequate and her substantial and compelling reasons were clearly supported by the record.

Finally, I agree with the trial judge and the dissenting Court of Appeals judge in *Hicks II* that defendant's years-long pattern of abuse justified this particular departure. In concluding that the departure was not an abuse of discretion, the *Hicks II* dissent aptly observed:

> Defendant was charged with repeatedly sexually assaulting his own daughter. Although the jury ultimately convicted him of only one count of second-degree criminal sexual conduct, MCL 750.520c, the evidence showed that defendant preyed upon his daughter on multiple occasions. He took advantage of her unique vulnerabilities by violating the sacred parent-child relationship, and engaged in a continuous pattern of sexual abuse. Although a jury may conclude that certain facts were not proven beyond a reasonable doubt for purposes of conviction, "the same fact[s] may be found by a preponderance of the evidence for purposes of sentencing." *People v Ratkov (After Remand),* 201 Mich App 123, 126; 505 NW2d 886 (1993). [*Hicks II*, *supra* at 1 (JANSEN, P.J., dissenting).]

Accordingly, I would reverse the Court of Appeals for the reasons stated by the dissent and affirm the trial court's judgment of sentence.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 29, 2010

*Corbin R. Davis*

Clerk

s0126