# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW JOHN SCOTTON,

        Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No. 332864
Charlevoix Circuit Court
LC No. 13-014711-FC

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct, felonious assault, and domestic violence after he attacked his long-term girlfriend. In a previous appeal, we rejected defendant's challenges to the scoring of various offense and prior record variables, but remanded pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and *Crosby v United States*, 397 F3d 103 (CA 2, 2005), because OV 11 had been scored based on judge-found facts. *People v Scotton*, unpublished opinion per curiam of the Court of Appeals, issued November 24, 2015 (Docket Nos. 321370; 325372), unpub op at 5-9. On remand, the trial court reaffirmed the earlier imposed sentences. Defendant now raises a new challenge to the scoring of OV 11. Defendant waived this argument by failing to raise it in the initial appeal. In any event, we discern no error and affirm.

## I. PROCEEDINGS FOLLOWING REMAND

Following our 2015 decision, defendant filed an application for leave to appeal to the Michigan Supreme Court. The Supreme Court held defendant's application in abeyance pending its decision in *People v Comer*, 312 Mich App 538; 879 NW2d 306 (2015). *People v Scotton*, ___ Mich ___; 885 NW2d 467 (2016). The Supreme Court's decision could affect only defendant's challenge to the lifetime electronic monitoring provision of his judgment of sentence. It therefore does not interfere with our resolution of the current appeal.

On remand in the trial court, defendant filed a sentencing memorandum, claiming for the first time that the trial court improperly scored OV 11 based on a second CSC charge of which he was acquitted. The trial court acknowledged that the 25-point assessment for OV 11 was based on judicial fact-finding and that the addition of these points increased defendant's minimum sentencing guidelines range from 51 to 85 months to 81 to 135 months. However, "[t]he [c]ourt determine[d] that it would not have imposed a different sentence knowing that the

-1-

guidelines range is now advisory pursuant to" *Lockridge*. The trial court did not specifically address defendant's new challenge to OV 11.

## II. ANALYSIS

Defendant now challenges the scoring of OV 11 and the length of his sentences. He contends that his sentences are disproportionate because he "is not the sort of defendant who requires nor deserves an excess of incarceration. . . ." However, his proportionality challenge is based entirely on his claim that the trial court improperly scored OV 11 based on conduct underlying a charge for which he was acquitted by the jury.

Defendant was charged with various offenses arising out of the physical and sexual assault of his girlfriend, DK, over August 27 and 28, 2013. The jury convicted defendant of one count of CSC-I for forceful penile-oral penetration causing injury. The jury acquitted defendant of a second count of CSC-I based on an act of penile-vaginal penetration later in the night. Defendant claimed at trial that this act was consensual. DK testified that she was frightened and only complied in the intercourse to prevent further violence.

When imposing sentence, the trial court assessed 25 points for OV 11, which requires the court to "[s]core all sexual penetration of the victim by the offender arising out of the sentencing offense." MCL 777.41(2)(a). The court found by a preponderance of the evidence that the penile-vaginal penetration had occurred and arose out of the sentencing offense—forced penile-oral penetration—supporting a 25-point score under MCL 777.41(1)(b) ("One criminal sexual penetration occurred."). See MCL 777.41(2)(c) (instructing courts not to score the penetration upon which the CSC-I charge is based).

In his first appeal, defendant contended only that the second penetration did not arise out of the sentencing offense. We rejected that challenge, holding that "[t]he penetration that occurred at 3:00 a.m. arose out of the sentencing offense because it occurred as part of a continuous sequence of criminal acts that were more than just incidentally related to each other." *Scotton*, unpub op at 8. In remanding for resentencing, we acknowledged that the trial court based the OV 11 score on conduct underlying a charge of which defendant had been acquitted. We did not hold this improper, but remanded because the judge was required to independently find that defendant had committed the act. *Id*. at 8-9.

Defendant now claims that the scoring of OV 11 was improper because it required the trial court to score points for an offense of which defendant had been acquitted by a jury. However, defendant waived this issue by not raising it in the first appeal.

"[T]he principles of res judicata require that a party bring in the initial appeal all issues which were then present and could have and should have been raised," and the failure to do so results in abandonment of the challenge. *VanderWall v Midkiff*, 186 Mich App 191, 201-202; 463 NW2d 219 (1990). Here, defendant did not raise this challenge to the scoring of OV 11 in his initial appeal as of right or in his application for leave to appeal our prior opinion to the Supreme Court. Defendant has thereby waived or abandoned his challenge. He cannot now seek relief at this late stage of the proceedings.

In any event, defendant can establish no error. "Although a trial court may not make an independent finding of guilt with respect to a crime for which a defendant has been acquitted, and then sentence the defendant on the basis of that finding, the court in fashioning an appropriate sentence may consider the evidence offered at trial, including other criminal activities established even though the defendant was acquitted of the charges . . . ." *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998). As found by four out of five justices considering the issue in *People v Ewing*, 435 Mich 443; 458 NW2d 880 (1990), "such conduct could be taken into account at sentencing because an acquittal does not necessarily mean that the defendant did not engage in criminal conduct, but only demonstrates a lack of proof beyond a reasonable doubt." *People v Harris*, 190 Mich App 652, 663; 476 NW2d 767 (1991). See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (holding that a scoring decision need only be supported by the lesser preponderance-of-the-evidence burden). "A trial court may consider facts concerning uncharged offenses, pending charges, *and even acquittals*, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007) (emphasis added). And as more recently reasoned in *People v Stokes*, 312 Mich App 181, 194; 877 NW2d 752 (2015), the only error emanating from the trial court's reliance on conduct underlying an acquitted charge was that the court engaged in fact-finding, leading to an increase in the defendant's minimum sentencing guidelines range, without recognizing that the guidelines should be advisory.

Here, the trial court was already warned that the guidelines are advisory and, in light of its reliance on judicially found facts, that it must determine "whether it would have imposed a different sentence." *Scotton*, unpub op at 8. The trial court expressly indicated "that it would not have imposed a different sentence." The court found by a preponderance of the evidence that one sexual penetration occurred, in addition to the penetration underlying the sentencing offense, to support it score for OV 11. There is no further error for this Court to remedy.

We affirm.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher