PEOPLE v HILL

Docket No. 186869. Submitted October 2, 1996, at Lansing. Decided February 7, 1997, at 9:10 A.M. Leave to appeal sought.

Sharod A. Hill pleaded guilty in the Genesee Circuit Court of first-degree home invasion and assault with intent to rob being unarmed. The court, Donald R. Freeman, J., initially sentenced the defendant to prison terms of twelve to twenty years and eight to fifteen years for the respective convictions, ordered those sentences to run concurrently with each other, and ordered those concurrent terms to run consecutively to a prior sentence that the defendant was serving at the time of sentencing. During arguments concerning a defense motion for resentencing, the prosecution argued that the court had failed to recognize that it had the discretion to order that the sentence for the conviction of home invasion run consecutively to the sentence for the conviction of assault with intent to rob being unarmed. The court explained that it was unaware that it had the discretion under the home invasion statute, MCL 750.110a(6); MSA 28.305(a)(6), to order that the two sentences that it was imposing be served consecutively and, thereafter, modified its sentencing order to provide that the two sentences in this case would be served consecutively, but would be served concurrently with the prior sentence the defendant was already serving. The defendant appealed.

The Court of Appeals *held*:

1. The trial court properly set aside its initial order of sentence on the basis that the original order of sentence was invalid because it had been entered without the court exercising its discretion to impose consecutive sentences with respect to the two convictions in this case because it had been laboring under the misconception that it had no such discretion. Under such circumstances, the court was entitled to modify the defendant's sentences upon discovery of the mistake and to exercise its statutory discretion in ordering the sentences it was imposing to run consecutively.

2. The trial court, after finding that home invasion is one of those crimes to which the Michigan Sentencing Guidelines do not apply and that the maximum sentence for home invasion is greater than the maximum sentence for assault with intent to rob being

unarmed, did not prepare a sentencing information report (SIR) with respect to either conviction on the basis that one of the general instructions in the sentencing guidelines provides that "when there are multiple convictions for a single offender, the judge must complete the SIR for the conviction that carries the highest statutory maximum." It is implicit in that general instruction that the convictions carrying lesser statutory maximum sentences will be served concurrently with the sentence of the conviction carrying the highest maximum sentence so that the minimum sentences of the lesser offenses will be encompassed within the sentence for the most severe offense and that preparation of SIRs for convictions having lesser sentences are therefore unnecessary. However, where, as here, the sentences are to be served consecutively, the minimum sentence imposed for each conviction has a direct effect with respect to the total length of the sentence to be served. Thus, the general instruction is inapplicable where there are to be consecutive sentences because the trial court's preparation of a SIR for each of the sentences to be served consecutively will aid in the appellate review of the question of the proportionality of the sentences imposed. Accordingly, the sentence for the assault conviction must be vacated, and the matter must be remanded for preparation of a SIR and resentencing with respect to that conviction.

3. The sentence for the conviction of home invasion is proportionate. The question whether the sentence for the assault conviction is proportionate must await resentencing with respect to that conviction.

4. The defendant has failed to establish that resentencing before a different judge is required.

Affirmed in part, vacated in part, and remanded.

1. SENTENCES — MODIFICATION OF SENTENCES — SENTENCING DISCRETION — CONSECUTIVE SENTENCES.

A sentencing court that entered a judgment of sentence under the mistaken belief that the court did not have the discretion to impose consecutive sentences may modify the judgment of sentence to provide that the sentences are to be served consecutively.

2 SENTENCES — MULTIPLE CONVICTIONS — SENTENCING INFORMATION REPORTS — CONSECUTIVE SENTENCES.

The provision in the general instructions of the Michigan Sentencing Guidelines that a sentencing information report need be prepared only with respect to the conviction carrying the highest maximum sentence where there are multiple convictions of a single individual is not applicable where there are to be consecutive sentences;

where consecutive sentences are to be imposed, a separate sentencing information report must be prepared for each of the convictions for which the sentences will be consecutive.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Dale A. DeGarmo*, Assistant Prosecuting Attorney, for the people.

*George C. Dovas*, for the defendant.

Before: McDONALD, P.J., and BANDSTRA and C. L. BOSMAN*, JJ.

BANDSTRA, J. Defendant pleaded guilty of one count of first-degree home invasion, MCL 750.110a; MSA 28.305(a), and one count of assault with intent to rob while unarmed, MCL 750.88; MSA 28.283. He was initially sentenced to respective terms of twelve to twenty years' and eight to fifteen years' imprisonment. The sentences were originally ordered to run concurrently with each other and consecutively to a prior sentence that defendant was serving at the time of sentencing. Thereafter, the trial court modified its sentencing decision and ordered that defendant serve the sentences in this case consecutively, but that these sentences should be served concurrently with the prior sentence that defendant was already serving. Defendant now appeals as of right. We affirm defendant's sentence for the home invasion conviction, but vacate the sentence for the assault conviction and remand for resentencing.

Defendant argues that his original concurrent sentences were valid and that the trial court erred in

* Circuit judge, sitting on the Court of Appeals by assignment.

amending the judgment of sentence and making the sentences consecutive. We disagree. A trial court's authority to resentence a defendant depends upon whether the original sentence was valid or invalid. MCR 6.429(A); *In re Dana Jenkins*, 438 Mich 364, 368-369; 475 NW2d 279 (1991). Our Supreme Court has specifically reasoned that a sentence is invalid if the trial court "fails to exercise its discretion because it is laboring under a misconception of the law." *Id.* at 369, n 3, quoting *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981). In *People v Green*, 205 Mich App 342, 345-346; 517 NW2d 782 (1994), this Court held that a sentence was invalid where the trial court sentenced the defendant under the mistaken belief that an enhanced sentence was mandatory rather than discretionary.

After sentencing, during argument concerning a defense motion for resentencing on other grounds, the prosecution argued to the court that it had sentenced defendant to concurrent terms under the erroneous belief that it had no discretion to make the sentences consecutive. The home invasion statute permits consecutive sentencing when another felony occurs during home invasion. MCL 750.110a(6); MSA 28.305(a)(6). The trial court explained that it had misinterpreted the notes made by the probation officer in the presentence investigation report regarding consecutive sentencing. The court was unaware of the statutory provision for consecutive sentencing, and the presentence investigation report did not make it clear that consecutive sentencing could apply to both of the offenses in this matter.

The lower court record thus reveals that, initially, the trial court did not know that it had the discretion

to sentence defendant to consecutive sentences because defendant had committed another crime while he was committing the home invasion offense. Accordingly, because the trial court originally sentenced defendant under a misconception of the law, it was entitled to modify defendant's sentences when the mistake was discovered. The trial court did not err in changing defendant's sentences to consecutive terms.[1]

Defendant asserts that the trial court erred in not preparing a sentencing information report pursuant to the sentencing guidelines for the assault conviction. The general instructions to the Michigan Sentencing Guidelines provide that "[i]n instances when there are multiple convictions for a single offender, the judge

---

[1] We note that a panel of this Court concluded in *People v Pfeiffer*, 207 Mich App 151, 157; 523 NW2d 640 (1994), that only a defendant and not the prosecution is entitled by MCR 6.429(A) to challenge a sentence as invalid. While that rationale might otherwise be controlling and require a different result than we have reached, we find *Pfeiffer* to be inapposite because the panel there did not have before it a sentence that resulted from the trial court's failure to exercise its discretion under a misconception of the law. As noted earlier, our Supreme Court has specifically held that a sentence resulting from a failure to exercise discretion as a result of a mistake about the law is invalid. *Jenkins, supra* at 369, n 3. Further, in the instant case, MCL 750.110a(6); MSA 28.305(a)(6) implicitly grants the prosecutor the right to ask the trial court to use its discretion to impose a consecutive sentence and would provide a basis for appeal by a prosecutor under an abuse of discretion standard if a consecutive sentence was not imposed. In contrast, the prosecutor in *Pfeiffer* complained that certain procedural requirements of the Crime Victim's Rights Act had not been observed during the sentencing process, but our Court reasoned that the act does not confer on prosecutors any right to complain if provisions of the act designed to protect victims are not followed. *Pfeiffer, supra* at 157. While we do not consider *Pfeiffer* to be controlling upon us for these reasons, we further question whether *Pfeiffer, supra at 157*, correctly concluded that only a defendant can contest a sentence as invalid on the basis of the Staff Note following MCR 6.429. That Staff Note seems to directly contradict MCR 6.429(A) itself, as well as our Supreme Court's direction in *Jenkins, supra,* neither of which contains any suggestion that prosecutors are prohibited from challenging a sentence as invalid.

must complete the [SIR] for the conviction that carries the highest statutory maximum." Michigan Sentencing Guidelines (2d ed, 1988), p 1. Quite understandably, the trial court concluded that the sentencing guidelines were thus inapplicable in this case because there are no guidelines for the crime of home invasion, which was the offense with the higher maximum statutory penalty. However, guidelines do exist for the offense of assault with intent to rob while unarmed, the other offense of which defendant was convicted.

The multiple conviction instruction requiring completion of an SIR pursuant to the sentencing guidelines only with respect to the crime carrying the highest statutory maximum penalty has been applied in concurrent sentencing cases. See, e.g., *People v Eberhardt*, 205 Mich App 587, 590-591; 518 NW2d 511 (1994); *People v Hodges*, 179 Mich App 629, 636; 446 NW2d 325 (1989). The question before us, apparently one of first impression, is whether this instruction should apply in consecutive sentencing cases such as that at issue here. We conclude that the instruction implicitly assumes that multiple sentences will be served concurrently and further conclude that this instruction should not be extended to consecutive sentencing situations. If sentences are to be served concurrently, there is no reason why a defendant's offenses should be scored separately because all of the defendant's sentences will be served at the same time. The sentence for the most severe offense will encompass the sentences for any lesser offenses. This is not true in cases involving consecutive sentencing. The minimum sentence imposed for each crime has a direct effect with respect to the total length of sentence a defendant must serve.

Further, when a trial court imposes consecutive sentences, the principle of proportionality requires that the sentences be separately evaluated by appellate courts. *People v Hardy*, 212 Mich App 318, 320-321; 537 NW2d 267 (1995); *People v Hadley*, 199 Mich App 96, 105-107; 501 NW2d 219 (1993), aff'd sub nom on other grounds *People v Morris*, 450 Mich 316; 537 NW2d 842 (1995). While not necessarily dispositive of the proportionality question, the scoring of an offense under the sentencing guidelines presents a helpful starting point for review, and, accordingly, a trial court's preparation of an SIR for each of the offenses to which the consecutive sentencing applies would aid in this Court's review. We conclude that an SIR for the assault conviction offense should have been prepared pursuant to the guidelines' scoring, and defendant is entitled to be resentenced with respect to that conviction.[2]

Defendant next argues that his sentences for the home invasion and assault convictions are disproportionate. Defendant has waived any claim regarding the proportionality of his home invasion sentence by not arguing how his sentence for the offense is disproportionate. *People v Jones (On Rehearing)*, 201 Mich App 449, 456-457; 506 NW2d 542 (1993). In any event, we have reviewed the circumstances surrounding this offense and offender and conclude that the

---

[2] Although defendant suggests in his appellate brief that the trial court should have scored his home invasion conviction by using the guidelines for breaking and entering, we find this argument to be abandoned because defendant has failed to cite any authority to support his position. *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 643; 552 NW2d 671 (1996). Further, not all crimes are included in the guidelines, as is the case with the home invasion offense, and the guidelines are inapplicable to those offenses. Michigan Sentencing Guidelines (2d ed, 1988), p 1; *People v Douglas (On Remand)*, 191 Mich App 660, 663; 478 NW2d 737 (1991).

sentence for the home invasion conviction is not disproportionate. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). In addition, because we are remanding for resentencing with regard to the assault conviction, we need not address defendant's proportionality argument with respect to the sentence for that conviction at this time.

Finally, defendant asserts that he should be resentenced before a different judge. We disagree. In determining whether resentencing should occur before a different judge, this Court applies the following test:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." [*People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), quoting *United States v Sears, Roebuck & Co, Inc*, 785 F2d 777, 780 (CA 9, 1986).]

In this case, the trial court's errors involved questions of law, i.e., whether defendant's assault conviction should have been scored pursuant to the sentencing guidelines and whether consecutive sentencing was available. There is no indication, as defendant asserts, that the original trial judge would have substantial difficulty in setting aside his previously expressed views. Thus, resentencing before a different judge is not required.

We affirm defendant's sentence for the home invasion conviction, but vacate the sentence for the assault conviction and remand for completion of an

SIR pursuant to the sentencing guidelines for this offense and resentencing for this offense. We do not retain jurisdiction.