# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEQUAN LAWAINE TAYLOR,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2016

No. 324773
Ingham Circuit Court
LC No. 12-000207-FC

Before: TALBOT, C. J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. For the reasons stated in this opinion, we affirm.

Defendant was convicted in 2012. The trial court sentenced him as a third habitual offender, MCL 769.11, to concurrent terms of 120 to 240 months' imprisonment for the assault conviction and 57 to 120 months' imprisonment for the felon-in-possession conviction, and a consecutive two-year prison term for the felony-firearm conviction. The sentence constituted an upward departure, and defendant appealed to this Court. We concluded that the trial court's reasons for the upward departure were not objective and verifiable, and remanded for resentencing or for the trial court to articulate substantial and compelling reasons for the upward departure. *People v Taylor*, unpublished opinion per curiam of the Court of Appeals, issued August 12, 2014 (Docket No. 315853), p 2.

On September 24, 2014, the trial court resentenced defendant to concurrent terms of 96 to 244 months for the assault conviction and 19 to 60 months for the felon-in-possession conviction, with the same consecutive two-year sentence for felony-firearm. This sentence was within the guidelines range. Approximately eight months after defendant was resentenced, our Supreme Court held that Michigan's legislative sentencing guidelines were unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *People v Lockridge*, 498 Mich 359, 364; 870 NW2d 502 (2015) (emphasis in original).

Following the decision in *Lockridge*, defendant filed a motion for resentencing with the trial court, arguing that the trial court impermissibly engaged in judicial fact-finding in violation of defendant's constitutional rights when it scored OVs 1 and 3, and that as a result, he was entitled to resentencing. On September 30, 2015, defendant's motion was adjourned on the record.[1] Subsequently, on November 21, 2015, defendant withdrew his motion for resentencing in the trial court. On the same day, defendant filed his brief on appeal with this Court, raising the same issue that he raised in his motion for resentencing before the trial court, but adding an argument that he should be resentenced by a different judge.

Pursuant to *Lockridge*, a defendant's sentence, imposed under the mandatory application of the legislative sentencing guidelines, violates the Sixth Amendment when the judge scores OVs based on judicial fact-finding, i.e., by using facts that were not admitted by the defendant or found by the jury beyond a reasonable doubt. *Lockridge*, 498 Mich at 373-374. To remedy the constitutional defect, our Supreme Court held that the sentencing guidelines are now advisory, severed MCL 769.34(2) to the extent that it made the scoring of the guidelines using judicial fact-finding mandatory, and severed the requirement in MCL 769.34(3) that a judge articulate substantial and compelling reasons before departing from the applicable guidelines range. *Id*. at 364-365, 399. Further, a defendant is entitled to a *Crosby*[2] remand if his or her "guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment" and his or her sentence was "not subject to an upward departure[.]" *Lockridge*, 498 Mich at 395.

OV 1 addresses aggravated use of a weapon. MCL 777.31. A trial court must assess 25 points if "[a] firearm was discharged at or toward a human being[.]" MCL 777.31(1)(a). Here, defendant testified that he fired a gun at the victim. Accordingly, the trial court did not engage in judicial fact-finding in violation of the Sixth Amendment because the facts necessary to score OV 1 were admitted by defendant.

OV 3 addresses physical injury to a victim. MCL 777.33. A trial court must assess 100 points if "a victim was killed," MCL 777.33(1)(a), and the "death results from the commission of a crime and homicide is not the sentencing offense," MCL 777.33(2)(b). Here, the sentencing offense was not homicide; it was assault with intent to do great bodily harm less than murder. The elements of that sentencing offense do not require the jury to conclude beyond a reasonable doubt that a victim was killed. Nor is there evidence that defendant admitted at trial that a victim was killed. Accordingly, the trial court engaged in unconstitutional judicial fact-finding when it scored OV 3 at 100 points. If OV 3 were not scored at 100 points, defendant's sentencing guideline range would be lower. Thus, defendant has established the "threshold showing of the

---

[1] A transcript of the September 30, 2015 proceedings has not been provided to us. The prosecution's brief represents that defendant was not present for the September 30, 2015 proceedings, but that the trial court informed appellate defense counsel that if defendant sought resentencing the court would, in light of the ruling in *Lockridge*, be inclined to impose the original 120 month minimum sentence. Defendant has not contested this version of events and it appears that his counsel did obtain a copy of the transcript from the court reporter.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Lockridge*, 498 Mich at 395.

On a *Crosby* remand,

> a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. [*Id*. at 398.]

In this case, however, a *Crosby* remand would serve no purpose because defendant already presented these issues in a proper motion for resentencing before the trial court. Before the trial court issued its ruling, defendant withdrew his motion for resentencing. Thus, defendant has already been given "an opportunity to inform the court" that he would not seek resentencing. By withdrawing the motion, defendant signaled that he did not want to be resentenced. "Counsel may not harbor error as an appellate parachute." *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). Further, "[o]ne who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. at 215 (quotation omitted). Accordingly, by withdrawing his motion, defendant affirmatively waived his right to proceed with resentencing. See *id*. (defining "waiver" as "the intentional relinquishment or abandonment of a known right"). Because a waived error is extinguished, there is nothing for this Court to review. *Id*. at 216. Thus, on this record, given defendant's clear indication that he does not wish to be resentenced by the trial court, there is no error for us to review.[3]

---

[3] More precisely, defendant has made clear that he does not want to be resentenced by the trial judge that presided over his initial sentencing and resentencing. Defendant argues that if his request for resentencing is granted, resentencing should be before a different judge because he was already sentenced twice by the same judge. We disagree. First, a *Lockridge* error does not mandate that a defendant be resentenced. See *Lockridge*, 497 Mich at 399 (holding that resentencing is only required if the trial court determines that it would not have imposed the same sentence but for the unconstitutional constraint on its sentencing discretion). Rather, a defendant sentenced in violation of *Lockridge* is entitled to a *Crosby* remand to determine whether he or she will be resentenced. In this case, such a procedure would be futile because defendant already withdrew his motion for resentencing.

Moreover, assuming *arguendo* that defendant was entitled to resentencing, we would still not remand for resentencing before a new judge. In determining whether a defendant should be resentenced by a different judge, this Court must consider:

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro

---

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862, (1997) (internal quotation marks and citation omitted).]

Here, if resentencing were required it would be because of the post-sentencing decision in *Lockridge*, not because the trial court's sentence was erroneous. Thus, the first part of the test is not met. Second, we have reviewed the resentencing transcripts and they do not give us cause for concern that the sentences were based on inappropriate considerations. Third, there is nothing on the record that indicates the judge is actually biased or prejudiced against defendant or that the sentence imposed was the product of any such bias or prejudice. The trial court instead made it clear that the sentence was based on the circumstances surrounding the offense and the offender. Accordingly, even if we were remanding for resentencing, defendant's request that resentencing occur before a different judge would be without merit.