# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MARIO WILLIS,

       Defendant-Appellant.

UNPUBLISHED
February 1, 2018

No. 320659
Wayne Circuit Court
LC No. 09-028750-FC

ON REMAND

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

In an order dated October 31, 2017, the Michigan Supreme Court vacated, in part, the portion of this Court's prior order in *People v Willis*, unpublished order of the Court of Appeals, entered February 12, 2016 (Docket No. 320659), remanding this case to the trial court for proportionality review under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and remanded to this Court "for plenary review of whether the defendant's sentence was disproportionate under the standard set forth in *People v Milbourn*, 435 Mich 630, 636[; 461 NW2d 1] (1990)." *People v Willis*, ___ Mich ___; ___ NW2d ___ (2017) (Docket No. 153374).

This case arises out of an incident where defendant paid an employee to set fire to a home owned by defendant's girlfriend. The house had been damaged in a previous fire, and defendant's girlfriend had received insurance proceeds to repair the damage. The second fire resulted in the death of Detroit Firefighter Walter Harris.

Defendant was convicted by a jury of second-degree murder, MCL 750.317, and arson of a dwelling house, MCL 750.72. Defendant was originally sentenced to 500 to 750 months' imprisonment for the second-degree murder conviction, and 10 to 20 years' imprisonment for the arson of a dwelling house conviction. Defendant appealed to this Court, arguing that that the trial court committed error requiring reversal by failing to justify the extent of defendant's departure sentence, and we remanded for resentencing. *People v Willis*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2012 (Docket No. 298643). Defendant was resentenced by the same trial judge, who imposed the same sentence. Defendant filed a second appeal, arguing, in part, that the trial court committed error requiring reversal by again failing to justify the extent of defendant's departure sentence. We agreed, vacated defendant's sentences

-1-

and remanded for resentencing in front of a different trial judge. *People v Willis*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2015 (Docket No. 320659).

In an order dated December 22, 2015, our Supreme Court vacated our decision, and remanded to this Court for reconsideration in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). On February 12, 2016, we entered an order remanding this case to the trial court, and explained that:

> Because defendant was sentenced before *Lockridge* was decided and the trial court was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing, we remand this case to the trial court for further consideration of defendant's sentences consistent with *Lockridge* and [*People v Steanhouse (Steanhouse I)*, 313 Mich App 1, 46; 880 NW2d 297 (2015)]. On remand, the trial court shall follow the procedure articulated in *Lockridge* . . . and modeled on that adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005). *Willis*, unpub order at 1.

We also ordered defendant to be sentenced in front of a different trial judge. *Id*. Now, following our Supreme Court's October 31, 2017 order, we again vacate defendant's sentences and remand for resentencing by a different trial judge.

Defendant's minimum sentence of 500 to 750 months' imprisonment for his second-degree murder conviction was a substantial upward departure from the minimum sentencing guidelines range of 225 to 375 months. As this Court recently explained in *People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 331499, September 26, 2017), lv pending, slip op at 16:

> "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*People v Steanhouse (Steanhouse II)*, 500 Mich 453, 471; 902 NW2d 327 (2017).] In *Steanhouse*, the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality[.]' [*Id*.] The principle of proportionality is one in which
>
> > "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [[*Id*. at 472], quoting *Milbourn*, 435 Mich [at 651].]

Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " [*Steanhouse II*, 500 Mich at 472,] quoting *Milbourn*, 435 Mich at 661. [*Dixon-Bey*, ___ Mich App at ___; slip op at 16.]

The sentencing guidelines remain an "aid to accomplish the purposes of proportionality . . . ." *Id*. at ___; slip op at 18. The sentencing guidelines " 'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). Our Supreme Court has been clear that while the sentencing guidelines are now merely advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse II*, 500 Mich at 474-475. As this Court recently explained:

Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, ___ Mich App at ___; slip op at 18-19.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*.' " *Dixon-Bey*, ___ Mich App at ___; slip op at 19 n 9, quoting *People v Steanhouse (Steanhouse I)*, 313 Mich App 1, 46; 880 NW2d 297 (2015).

In *Milbourn*, our Supreme Court observed:

Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. See *People v McKinley*, 168 Mich App 496, 512; 425 NW2d 460 (1988). ("We do not dispute that a prison sentence—even a lengthy one—is in order. We conclude, however, that a fifteen-year minimum sentence for the events that occurred here is disproportionate to the specific acts committed and the danger involved. *Too frequently reasons are given for a sentence that apply equally to a lesser or greater sentence unless an explanation is offered on the record for the specific sentence given.* Such was the case here.") (Emphasis added.) [*Milbourn*, 435 Mich at 659-660 (footnote omitted).]

Thus, "[w]hen making this determination and sentencing a defendant, a trial court must ' "justify the sentence imposed in order to facilitate appellate review," ' *Steanhouse*, [500 Mich at 470],

quoting *Lockridge*, 498 Mich at 392, which 'includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been,' *Smith*, 482 Mich at 311." *Dixon-Bey*, ___ Mich App at ___; slip op at 19.

The trial court in this case articulated three reasons in support of its upward departure from the minimum sentencing guidelines. The first two reasons spoke to the nature of defendant's crime, and were not taken into consideration by the guidelines. First, the trial court cited the unicity of the offense with a prior fire, which we previously determined indicated "defendant's financial motivation for setting the fires." *People v Willis*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2015 (Docket No. 320659). Additionally, defendant was never charged in connection with his involvement in the first fire, and it was not otherwise considered in the scoring of his guidelines. Second, the trial court noted an objective and verifiable foreseeability of risk of harm to Harris, a factor also not considered by the guidelines. Conversely, we conclude that the third reason for the trial court's departure, the duty of society and of the trial court to protect first responders, was not unique to defendant or defendant's crime, and likewise not "otherwise relevant to a proportionality determination." *Dixon-Bey*, ___ Mich App at ___; slip op at 13.

Regardless, while we do not seek to minimize defendant's role in Harris's death, the record before us is insufficient to support the conclusion that defendant's departure sentence "was more reasonable and proportionate than a sentence within the recommended guidelines range would have been." *Dixon-Bey*, ___ Mich App at ___; slip op at 13. Although the first two reasons cited for the imposition of a departure sentence are proper considerations under *Milbourn*, we find it difficult to look past the trial court's purposeful denunciation of the principle of proportionality. Indeed, the trial court explicitly disregarded *Milbourn*, stating, "the issue of unicity, in my view, trumps the concern for proportionality with regard to this sentence." Further, the trial court failed to articulate why the extent of the departure sentence imposed was more proportionate to the circumstances surrounding defendant and defendant's crime than a sentence within the sentencing guidelines would have been. *Smith*, 482 Mich at 304. Accordingly, we conclude that the trial court "abused its discretion in failing to apply the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed." *Steanhouse II*, 500 Mich at 476. Remand for resentencing is required. *Id*.

Further, defendant is to be resentenced by a different trial judge. Defendant was twice sentenced by the same trial judge, and resentencing by a different trial judge will preserve the appearance of justice, especially in light of the fact that the trial judge expressly rejected the principle of proportionality. *People v Hill*, 221 Mich App 391, 398; 505 NW2d 879 (1997); *People v LeMarbe (After Remand)*, 201 Mich App 45, 47, 49; 505 NW2d 879 (1993).

We vacate defendant's sentences and remand for resentencing by a different trial judge. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen