# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREGORY S. IHANDER,

        Defendant-Appellant.

UNPUBLISHED
January 3, 2019

No. 338389
Menominee Circuit Court
LC No. 15-003769-FC

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Gregory S. Ihander, appeals by right his conviction, following a jury trial, of second-degree murder, MCL 750.317. Defendant was sentenced to serve 40 to 50 years' imprisonment. We affirm defendant's conviction, but vacate his sentence and remand for resentencing.

## I. FACTS

On September 9, 2015, Menominee Sheriff's Deputy Greg Peterson conducted a property inspection at the Cedar River Marina. Upon driving around the parking lot, Deputy Peterson noticed an unoccupied vehicle that was parked in a prohibited parking space. Deputy Peterson testified that that the keys were still in the ignition and there was a purse in the front seat but the doors were locked and there was no one in sight. The decision was made to tow the vehicle. Following department policy, Michigan State Police Trooper Michael Borski and Menominee County Sheriff's Deputy Aaron Ihander[1] conducted an inventory of the contents of the abandoned vehicle. At this time, the body of Jolene Eichhorn was discovered in the trunk of the car. The previous day, Eichhorn had been at defendant's home while defendant's son repaired the starter on her vehicle. The investigation led officers to defendant's home that afternoon, and defendant was arrested after officers discovered a black garbage bag full of bloody kitchen items and rags in defendant's bathroom. The jury ultimately convicted defendant of second-degree murder. This appeal followed.

---

[1] Deputy Ihander testified that defendant is his second cousin.

## II. JURY OATH

Defendant first argues that the trial court did not issue a pretrial oath to the jury.[2] Defendant's assertion is unsupported by a plain reading of the transcript.

The jury's oath imposes duties on the jury and represents the solemn promise of each juror to perform those duties under the law. *People v Cain*, 498 Mich 108, 121; 869 NW2d 829 (2015). The oath requires the following language:

> "Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God." [MCR 2.511(H)(1).]

In this case, the court clerk swore the jury as follows:

> *Court Clerk*: Raise your right hand. Do you solemnly swear that, in this action now before the Court, you will justly decide the questions submitted to you, that, unless you are discharged by the Court from further deliberation, you will render a true verdict, and you will render—render your verdict only on the evidence introduced and in accordance with the instructions of the Court, so help you God?
>
> *Jurors*: I do.

As can be seen by comparing the required oath with the oath administered by the court clerk, the trial court issued the jury a nearly word-perfect version of the proper juror's oath. Defendant's argument that the jury was not sworn is without merit.

Next, defendant argues that the trial court clerk administered a defective jury oath by failing to follow the language set forth in MCL 768.14. We disagree. The statutory language in MCL 768.14 provides as follows:

> The following oath shall be administered to the jurors for the trial of all criminal cases: "You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God."

Defendant argues that the trial court committed plain error because the jury was sworn in according to the oath outlined in MCR 2.511(H)(1). Although the language in the court rule

---

[2] It should be noted that this issue is unpreserved. However, issue preservation is not relevant because the jury was properly sworn in.

differs from the language provided by statute, the court rule prevails in matters that pertain to procedural questions, because our Supreme Court has exclusive rulemaking authority in issues of practice and procedure. Const 1963, art 6, § 5; *People v. Conat,* 238 Mich App 134, 162; 605 NW2d 49 (1999). The jury oath prescribed in MCR 2.511 is the controlling oath because it directly involves procedural matters. Therefore, we find no plain error.

## III. SELF-INCRIMINATION

Defendant argues that his privilege against self-incrimination was violated when Menominee County Sheriff's Detective Jeff Brunelle improperly testified about defendant's incriminating pre-*Miranda*[3] statement, which he alleges affected the jury's verdict by portraying defendant as having a guilty conscience. We conclude that defendant both failed to preserve this issue by failing to object to Brunelle's improper testimony, and waived this issue by introducing a recording that included his statement.

The United States and Michigan Constitutions guarantee a criminal defendant the right against self-incrimination. US Const, Am V; Const 1963, art 1, § 17. *Miranda* warnings exist to protect a defendant's privilege against compelled self-incrimination. *People v Tierney*, 266 Mich App 687, 707; 703 NW2d 204 (2005). The prosecution may not use any statements that a defendant made during a custodial interrogation unless the defendant waived his or her privilege. *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

In this case, the trial court ruled that defendant's response to questioning by Brunelle while defendant was being arrested was inadmissible. Brunelle improperly testified about defendant's statement. However, a party who objects to the introduction of evidence but later introduces the same evidence has waived his or her prior objection. *Ohler v United States*, 529 US 753, 755-756; 120 S Ct 1851; 146 L Ed 2d 826 (2000). Despite the trial court's prior ruling, defendant did not object to Brunelle's testimony. More importantly, defendant later introduced the same evidence by playing an unredacted recording containing defendant's statement. We conclude that defendant has waived this issue because, while defendant previously objected to the introduction of this evidence, defendant later introduced the same evidence.[4]

## III. SENTENCING

Defendant argues that the trial court erroneously assessed points under prior record variables (PRVs) 1 and 5 during sentencing, his sentence was disproportionate, and his sentence

---

[3] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[4] While we conclude that defendant has waived this argument, we also note that the inadmissible evidence was cumulative to similar, more detailed statements defendant made to Michigan State Police Detective Jean Belanger before his arrest, which the trial court properly admitted. Even if this issue was merely unpreserved, the erroneous admission of evidence is harmless when it is cumulative to other, proper testimony. *People v Hill*, 257 Mich App 126, 140; 667 NW2d 78 (2003).

violated the two-thirds rule[5] set forth in *People v Tanner*, 387 Mich 683, 689-690; 199 NW2d 202 (1972), and codified in MCL 769.34(2)(b). The prosecution concedes that resentencing is required because the trial court erred by assessing points under PRV 1 and the error affected the applicable sentencing guidelines range. See *People v Sours*, 315 Mich App 346, 350-351; 890 NW2d 401 (2016).[6] We therefore remand for resentencing.

Defendant argues that, on remand, he should be resentenced before a different judge because he has filed a grievance against the trial court judge. We disagree.

To preserve an issue of judicial bias, a party must raise the claim before the trial court. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). Defendant did not do so in this case. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A judge must be disqualified when he or she cannot hear a case impartially. *Cain v Dep't of Corrections*, 451 Mich 470, 494-495; 548 NW2d 210 (1996). The party who alleges that a judge is biased must overcome the heavy presumption in favor of judicial impartiality. *Id*. at 497. Before determining whether resentencing should occur before a different judge, this Court should consider (1) whether the original judge would have difficulty setting aside prior views, (2) whether reassignment would preserve the appearance of justice, and (3) whether reassignment would cause disproportionate waste and duplication. *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997).

Defendant has made no showing regarding any of the reassignment factors. Instead, defendant argues that his complaint before the Judicial Tenure Commission biased the trial court judge. However, the mere filing of a complaint with the Judicial Tenure Commission does not require disqualification. *People v Bero*, 168 Mich App 545, 552; 425 NW2d 138 (1988). "To hold otherwise would allow an attorney to judge shop by filing even frivolous grievances." *Id*. Because merely filing a judicial tenure complaint does not necessarily create or prove bias,

---

[5] It should be noted that while we remand for resentencing, the two-thirds rule is inapplicable in this context. Our Supreme Court has clearly ruled that *Tanner* "does not apply to sentences where the statutory maximum is 'life or any term of years.' " *People v Floyd*, 490 Mich 901, 902; 804 NW2d 564 (2011).

[6] We decline the prosecution's request to determine the propriety of the trial court's scoring of PRV 5 because, on the record available to this Court, there is no indication of the nature of defendant's prior misdemeanor convictions. The trial court will be in a better position to address these issues on resentencing.

defendant has failed to overcome the presumption of judicial impartiality.

      We affirm defendant's conviction, vacate his sentence, and remand for resentencing.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause