*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DONALD WILLIE WILLIAMS,

      Defendant-Appellant.

UNPUBLISHED
February 25, 2021

No. 351174
Macomb Circuit Court
LC No. 1993-001791-FC

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

The majority correctly holds that the trial court improperly applied the legal standards governing defense counsel's request for reimbursement of expert witness fees, and abused its discretion in awarding only $1,125. I part ways from the majority only regarding the proceedings on remand. In my view, a different judge should evaluate defense counsel's funding request.

As the majority opinion recounts, the trial court initially limited defendant's expert funding to $2,500, characterizing counsel's request for $42,650 as "highly excessive." This Court reversed in a published decision, carefully setting forth the legal principles guiding the court's funding determination on remand. *People v Williams*, 328 Mich App 408, 414-417; 938 NW2d 42 (2019) (*Williams I*). Incredibly, the trial court then *reduced* the reimbursement due counsel, cutting it by more than half. The court did so despite counsel's lengthy, detailed, well-documented fee request, and counsel's offer on the record to provide testimony in support of every aspect of that request.

In my view, the trial court's explanation for awarding counsel only $1,125 is entirely factitious. According to the trial court, counsel failed to "support[]" by evidence or testimony the reasonableness of one expert's fees, and neglected to identify "which individual provided what services" with regard to another fee request. The record and counsel's fee submission soundly refute the trial court. At the scheduled evidentiary hearing regarding the fee request, the court pledged to "notify the attorneys" if it needed "any testimony or further briefing." Instead of seeking more information, and despite that the prosecution failed to challenge *any* aspect of defense counsel's submission, the trial court rejected the experts' fees for nonsensical reasons.

In my view, the trial court has clearly signaled—twice—an inability and unwillingness to fairly consider defendant's fee request. The court thumbed its nose at this Court's opinion in *Williams I* and contrived reasons to deny fair compensation. The result on remand is likely to be similar to the last two, and I see no reason to waste counsel's time.[1]

When determining whether remand to a different judge is required, the following factors must be considered:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (quotation marks and citations omitted).]

It is unreasonable to expect that the current judge will have a sudden epiphany and recognize the obvious—that the work of the defense experts played a major role in the court's decision to impose a life-without-parole sentence. The experts' reports in support of life without parole encompassed hundreds and hundreds of pages of documentary evidence. Their lengthy, comprehensive expert testimonies were powerful and, in combination with the reports, likely persuaded the prosecutor to refrain from presenting any contrary evidence. The trial court's failure to acknowledge this reality in either of its rulings also bespeaks its bias.

More importantly, the trial court's reduction of the fee award in the face of our earlier opinion in this same case demonstrates that the court has made up its mind, and is unwilling to engage in a fair, rational assessment of the fee request. For this reason alone, reassignment to a different judge is advisable to preserve the appearance of justice. And no evidence suggests that reassignment would "entail waste and duplication" of judicial efforts in this case, as it is readily apparent that the trial court expended none in reaching its decision.

This Court has an interest in seeing that its opinions are followed. We have an even stronger interest in the integrity of the proceedings that we order on remand. The trial court approached the task of determining expert fees with a sharpened scalpel in hand. It peremptorily excised well-documented and well-earned fees for trivial and legally insignificant reasons, and I see no reasonable basis that the court will magically mend its ways the next time around.

/s/ Elizabeth L. Gleicher

---

[1] The defense has not asked for a different judge on remand. Rather, at argument, defense counsel asserted that this Court should review the billings and make a fee determination, which I construe as consistent with a request that the trial judge be removed from the process. Notably, the prosecution's brief on appeal concedes that the trial court erred and abused its discretion in awarding only a token expert fee.