*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 17, 2022

v

No. 357663
Wayne Circuit Court
LC No. 19-006352-01-FH

KEITH BERNARD SLAUGHTER,

Defendant-Appellant.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty plea convictions of two counts of possessing a fraudulent financial transaction device, MCL 750.157n(2). The trial court sentenced defendant to concurrent prison terms of 32 to 48 months for each conviction, with credit for 5 days served. We remand for the trial court either to resentence defendant or to articulate its reasoning for imposing its out-of-guidelines sentences.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On July 22, 2019, defendant used fraudulent credit cards to buy groceries in Dearborn, Michigan. He was subsequently arrested and charged with three counts of possession of a fraudulent financial transaction device and two counts of illegal use of a financial transaction device. Defendant pled guilty to two counts of possession of a fraudulent financial transaction device in exchange for the dismissal of the remaining charges, the withdrawal of defendant's status as a fourth-offense habitual offender, MCL 769.12, and a sentencing agreement recommending a one-to-four-year term of imprisonment.

---

[1] See *People v Slaughter*, unpublished order of the Court of Appeals, entered August 10, 2021 (Docket No. 357663).

At his sentencing hearing, defendant requested that the trial court honor the sentencing agreement. The trial court denied this request. Stating that the plea and sentencing agreements were "woefully misguided," the trial court granted defendant an opportunity to withdraw his guilty plea (which defendant declined to do) before ultimately imposing the sentences described. These sentences exceeded (by 15 months) the upper end of defendant's recommended minimum sentence guidelines range, which was calculated at 2 to 17 months.

This appeal followed. On appeal, defendant challenges only the reasonableness of his sentences.[2]

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision to impose an out-of-guidelines sentence. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). Specifically, this Court must ask "whether the trial court abused its discretion by violating the principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled in part on other grounds by *People v Steanhouse*, 500 Mich 453, 474 (2017). *Steanhouse*, 500 Mich at 471.

## III. ANALYSIS

Defendant argues that his sentences were unreasonable and disproportionate because the trial court did not properly consider his personal history or the circumstances of his offenses and, relatedly, because the trial court failed to adequately justify its decision to impose out-of-guidelines sentences. We conclude that the trial court did not sufficiently justify its sentencing decision and, therefore, we remand for the trial court to either resentence defendant or to further articulate its justifications for the sentences imposed.

In *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines are merely advisory. However, "[the guidelines] remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. Accordingly, while a trial court no longer needs to give a "substantial and compelling reason" when imposing a sentence outside the calculated guidelines range, it still must "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 391-392. Trial courts must also justify the sentence given to facilitate appellate review. *Id*. at 392.

A sentence must comport with the principle of proportionality. See *Dixon-Bey*, 321 Mich App at 520-521. This requires the trial court to "take into account the nature of the offense and the background of the offender" to ensure "that the sentence[] imposed . . . [is] proportionate to the seriousness of the matter[]." *Milbourn*, 435 Mich at 651. The trial court must provide a

---

[2] Defendant's application for leave to appeal and brief on appeal also challenged the accuracy of defendant's presentence investigation report (PSIR) with regard to defendant's criminal history. However, the parties subsequently agreed to the entry of a stipulated order in the trial court to correct the PSIR. That issue is therefore moot and we need not address it. See *People v Poole*, 311 Mich App 296, 307 n 5; 874 NW2d 407 (2015).

sufficient explanation for "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525, quoting *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). In determining whether an out-of-guidelines sentence is more proportionate than a sentence within the guidelines range, courts consider "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted). Relevant factors not considered by the guidelines include, among other things, "the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019).

At defendant's sentencing, when declining to accept the sentencing agreement between defendant and the prosecution, the trial court stated that "[defendant] is a serial thief and a con artist." The trial court continued:

> [Defendant's criminal] history adequately supports a departure from the sentencing guidelines in this case. I think, the plea and sentencing agreement[s] that [were] reached [were] just woefully misguided. You know I don't blame you, [the prosecution] for this, but I do wonder sometimes why your office takes such rigid stands on some cases and such forgiving stands on others. This young man is a serial con artist, and I can't do anything about the charge reduction, but I cab [sic] certainly do something about the sentence.

And later, after imposing defendant's sentence, the trial court elaborated on this reasoning, stating:

> I might also note for the record here that all of these cons, there is a victim. There is at least one victim for every one of these cases or a potential victim. That is what bothers me about these cases and when I see somebody who just keeps committing the same crimes over and over and over, again, it makes the public ask a very reasonable question: Why do we let people like that keep committing crimes like that and not do anything about it or do anything hardly about it? You know, I mean, he is going to get out in 32 months, I suppose, or a little more than that. I hope, [defendant], that you have reached the end of the road . . . .

We agree with defendant that criminal history is generally accounted for in calculating the recommending guidelines range. Yet we also note that the number of defendant's prior low-level felonies exceeded the four required to assess the maximum 30 points under prior record variable 2; see MCL 777.51(1)(a). It is therefore possible that, by describing defendant as a "serial thief" and "con artist," the trial court was endeavoring to articulate that the guidelines failed to account for the full scope of defendant's criminal history. See *Dixon-Bey*, 321 Mich App at 526-527. Relatedly, the trial court's focus on defendant's criminal history could also theoretically have related to defendant's potential for rehabilitation, which is a permissible factor on which to base an out-of-guidelines sentence. See *Lampe*, 327 Mich App at 126. However, the record is simply not clear whether the trial court actually did rely on these or other valid factors in imposing its out-of-guidelines sentences.

Specifically, many of the trial court's comments appear to relate not to the guidelines, but rather to its reason for rejecting the sentencing agreement that the trial court called "woefully misguided." Apart from its initial reference to defendant's criminal history as supporting an out-of-guidelines sentence, the trial court's reference to defendant as "a serial con artist" immediately followed the trial court's expression of confusion about the prosecution's policies regarding plea and sentencing agreements, and immediately preceded the trial court's statement that it could not "do anything about the charge reduction," but could "certainly do something about the sentence." Further, the trial court's elaboration about the fact that defendant's crimes were not victimless were followed by the trial court's opinion that defendant had received a "forgiving" plea deal and would "get out in 32 months."

On the whole, we conclude that remand is necessary for the trial court either to resentence defendant or to articulate specifically the reasons why it chose to impose the sentences it did, independent of its reasons for rejecting the sentencing agreement. This Court "cannot substitute its own judgment about why [a] departure was justified," and a sentence "cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Furthermore, our Supreme Court has directed that, when "[not all] reasons articulated by the trial court for departing from the sentencing guidelines w[ere] valid, . . . it [is] unclear whether it would have departed solely [based on the valid reason(s)], and . . . its reasoning for the extent of departure was difficult to ascertain," this Court should "remand for the trial court to either resentence or to further articulate its reasons for departure." *Steanhouse*, 504 Mich at 969. Accordingly, we remand this case for the trial court either to resentence defendant or to further articulate its reasoning for the out-of-guidelines sentences imposed.

We decline, however, to order that the proceedings on remand take place before a different judge. In evaluating whether resentencing should take place before a different judge, we consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997) (quotation marks and citations omitted).]

"A case should be assigned to a different judge if it would be unreasonable to expect the trial judge, given her handling of the matter, to be able to put previously expressed findings out of mind without substantial difficulty." *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998).

We cannot conclude from the existing record that it would be unreasonable to expect the trial judge to put previously expressed findings out of mind without substantial difficulty. The trial court's references to defendant's criminal history and the victims of his crimes did not display a level of bias or animus that would necessitate reassignment to preserve the appearance of justice. *Hill*, 221 Mich App at 398. We therefore decline to order resentencing before a different judge.

-4-

We remand for the trial court either to resentence defendant or to further articulate its reasoning for its original sentences.  We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra

# Court of Appeals, State of Michigan

## ORDER

People of MI v Keith Bernard Slaughter

Docket No.    357663

LC No.        19-006352-01-FH

Colleen A. O'Brien
Presiding Judge

Douglas B. Shapiro

Mark T. Boonstra
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence promptly, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, this case is remanded to the trial court to either resentence defendant or provide a further articulation of the basis for the sentence imposed. The proceedings on remand are limited to this issue. The trial court shall conduct the resentencing or provide its further articulation of the basis for the sentence imposed within 28 days after the date of this order.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of any order or judgment entered on remand.

The transcript of all proceedings on remand shall be prepared at public expense and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 17, 2022
Date

_____
Chief Clerk